UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARAD MONAT WASHINGTON,

      Petitioner,

v.

                                    CASE NO. 8:14-cv-1331-T-27AEP
                          CRIM. CASE NO. 8:12-cr-511-T-27AEP

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

    **BEFORE THE COURT** are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (cv Dkt. 1) and memorandum in support (cv Dkt. 4), the Government's response in opposition (cv Dkt. 11), and Petitioner's reply (cv Dkt. 12). Upon consideration, his Section 2255 motion is DENIED.

### Procedural Background

    Petitioner was charged with felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e) (Count One), and six counts of possession with intent to distribute either cocaine or cocaine base in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Counts Two - Seven) (cr Dkt. 1). He pleaded guilty to Counts Two through Seven pursuant to a plea agreement (cr Dkts. 15, 20).[1] He was sentenced as a career offender to 144 months in prison on each count, concurrent, followed by six years of supervised release (cr Dkts. 31, 34). He did not appeal.

    He raises two grounds for relief:

    1. He was erroneously sentenced as a career offender; and

---

[1]The Government dismissed Count One (cr Dkt. 34, p. 1).

2. Counsel was ineffective during sentencing in failing to challenge his career offender enhancement.

## Standard of Review for Ineffective Assistance of Counsel Claims

*Strickland v. Washington*, 466 U.S. 668 (1984), governs Petitioner's ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697; *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). An attorney "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To

meet this burden, Petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694-95. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial *Wofford v. Wainwright,* 748 F.2d 1505, 1508 (11th Cir. 1984). When a defendant pleads guilty, counsel need only provide his client with an understanding of the law in relation to the facts so that the defendant can make an informed decision between pleading guilty and going to trial. *Id.* Counsel need only make an independent examination of the facts, circumstances, pleadings and applicable law, and then offer counsel's informed opinion to his client as to the best course of action. *Id.*

### Discussion

**Ground One**

Petitioner contends that he is actually innocent of his enhanced sentence as a career offender. To be classified as a career offender under Section 4B1.1(a) of the United States Sentencing Guidelines, a defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Petitioner argues that his prior Florida convictions for sale of cocaine and possession of cocaine with intent to sell under Fla. Stat. § 893.13(1) do not qualify as "controlled substance offenses" under Section 4B1.1(a) because the statute does not require the State to prove that the he knew the illicit nature of the

3

controlled substance.[2]

This argument is foreclosed by *United States v. Smith*, 775 F.3d 1262, 1264-68 (11th Cir. 2014) ("Section 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A). *See also United States v. Cobb*, 842 F.3d 1213, 1223 (11th Cir. 2016) ("As Defendant readily concedes, his argument that his conviction for possession of cocaine with intent to sell or deliver under Florida Statute § 893.13(1) does not qualify as a serious drug offense is foreclosed by *United States v. Smith*, (citation omitted). Since Petitioner was previously convicted of two or more "controlled substance offenses," he was correctly sentenced as a career offender. Ground One is without merit.

**Ground Two**

Petitioner contends that his attorney was ineffective in failing to object to career offender status because his prior conviction for battery on a law enforcement officer does not qualify as a "crime of violence." This contention is likewise without merit. His prior conviction for battery on a law enforcement officer constitutes a "crime of violence" under U.S.S.G. § 4B1.1. *See United States v. Jackson*, 646 Fed. Appx. 877, 883 (11th Cir.2016) (unpublished) ("a prior conviction for felony battery on a law enforcement officer, Fla. Stat. §§ 784.03, 784.07(2)(b), [is] a crime of violence under the residual clause of the career offender guideline."). And even if that conviction is not a "crime of violence," he cannot show prejudice because he had at least two prior convictions for a "controlled substance offense," which classified him as a career offender without regard to his battery conviction.

Petitioner has not demonstrated that he was prejudiced by counsel's alleged deficient performance.

---

[2]Petitioner was sentenced as an armed career criminal based on a conviction for sale cocaine, a conviction for battery on a law enforcement officer, and three convictions for possession of cocaine with intent to sell (PSR, p. 8, ¶ 48).

Ground Two is without merit.[3]

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (cv Dkt. 1) is therefore **DENIED**. The Clerk is directed to enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY

Petitioner has no right to appeal the denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a COA must issue. Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make that showing, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Drake*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). He cannot make that showing. Since is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** on March 21st, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies furnished to: *Pro Se* Petitioner; Counsel of Record

---

[3] In his reply, Petitioner seeks to collaterally attack his sentence based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act (ACCA), see 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally void for vagueness. Petitioner's claim has no merit because he was not sentenced under the residual clause of the ACCA. Rather, he was sentenced as a career offender under the Sentencing Guidelines, specifically § 4B1.1. In *United States v. Matchett*, 802 F.3d 1185, 1193 (11th Cir. 2015), the Eleventh Circuit "held that the vagueness principle announced in *Johnson* does not apply to the career offender provisions of the Sentencing Guidelines[.]" *Jones v. United States*, 2016 U.S. App. LEXIS 6224, at *1 (11th Cir. April 5, 2016) (unpublished) (citing *Matchett*). See also *Beckles v. United States*, ___ S.Ct. ___, 2017 WL 855781 (March 6, 2017) (*Johnson's* "void-for-vagueness" holding does not apply to the sentencing guidelines). Petitioner is not entitled to relief under *Johnson*.